IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE:<br><br>CONCRETE AND CEMENT ADDITIVES ANTITRUST LITIGATION<br><br>*This Document Relates to:*<br>*All Direct Purchaser Actions*<br><br>1:24-cv-3056-LJL<br>1:24-cv-3033-LJL<br>1:24-cv-3045-LJL<br>1:24-cv-3246-LJL<br>1:24-cv-3255-LJL<br>1:24-cv-3236-LJL<br>1:24-cv-3817-LJL<br>1:24-cv-3806-LJL | Case: 24-MD-3097 (LJL) |

**[PROPOSED] ORDER GRANTING**
**THE HAUSFELD GROUP'S MOTION TO APPOINT INTERIM CLASS**
**COUNSEL FOR THE DIRECT PURCHASER PLAINTIFFS**

**AND NOW**, upon consideration of the Hausfeld Group's Motion to Appoint Interim Class Counsel for the Direct Purchaser Plaintiffs (ECF No. 117) pursuant to paragraph 1(a) of Case Management Order No. 1 (ECF No. 105) and Federal Rule of Civil Procedure 23(g), the memorandum in support thereof, and the accompanying Declaration and exhibits thereto, it is hereby **ORDERED**:

1. The Motion by the Hausfeld Group is **GRANTED**.

2. The Court appoints Hausfeld LLP as Interim Lead Class Counsel for the putative Direct Purchaser Plaintiff ("DPP") class, and Berger Montague PC, Gustafson Gluek PLLC, and the Roberts Law Firm U.S., PC as the Executive Committee for the putative DPP class (the "Hausfeld Group").

1

3. The Court has carefully considered the factors set forth in Federal Rule of Civil Procedure 23(g): (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

4. The Court concludes that Hausfeld is best able to represent the interests of the putative DPP class and will achieve efficiency and economy in what is likely to be expensive and complicated litigation while ensuring fairness to the parties, and that, under the circumstances of this multi-district litigation, appointment of an Executive Committee is appropriate.

5. Hausfeld, as Interim Lead Class Counsel, shall be responsible for the overall conduct of the litigation on behalf of the putative DPP class and shall be vested with sole decision-making authority and responsibility for coordinating and managing this litigation on behalf of the putative DPP class.

6. Counsel for Defendants may rely on all agreements made with Hausfeld on behalf of the putative DPP class, and such agreements shall be binding.

7. Interim Lead Class Counsel shall have, at a minimum, the following authority and responsibilities:

   a. Manage and direct all aspects of the litigation on behalf of the putative DPP class;

   b. Be vested with sole decision-making authority and responsibility for coordinating and managing this litigation on behalf of the putative DPP class;

c. Serve as the primary contact for communications with the Court, appointed Interim Class Counsel for other classes, any counsel for opt-out plaintiffs, and defense counsel;

d. To the extent consistent with their duties, and as appropriate, coordinate with counsel for the Indirect Purchaser Plaintiffs so as to avoid duplication, inefficiency, and inconvenience to the Court, the parties, counsel, and witnesses;

e. Develop and propose to the Court schedules for the commencement, execution, and completion of all discovery and other scheduling matters on behalf of the putative DPP class;

f. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee), to the Court and other parties, arguments and positions on all matters arising during pretrial proceedings;

g. Coordinate, initiate, issue, take and respond to written and oral discovery on behalf of the putative DPP class;

h. Negotiate, retain, and manage experts and outside vendors necessary to the effective and efficient conduct of this litigation;

i. Delegate specific tasks and responsibilities to members of the Executive Committee and other DPP counsel where appropriate to ensure the efficiency and non-duplication in this litigation;

j. Designate counsel that are authorized to appear at hearings and conferences with the Court;

  k. Coordinate, direct, and supervise the work done by the Executive Committee and other counsel;

  l. Maintain adequate contemporaneous time and cost records and collect such information, on a regular basis, from any law firms working under its direction and supervision in this case;

  m. Ensure that schedules are met, and unnecessary expenditures of time and funds are avoided;

  n. Determine how to allocate litigation expenses between itself, the Executive Committee, and any other law firms representing members of the putative DPP class;

  o. Conduct settlement negotiations, but not enter into binding agreements except to the extent authorized by law, and prepare all attendant papers for the Court's approval;

  p. Prepare any application for attorneys' fees and reimbursement of expenses and allocate attorneys' fees and expenses awarded by the Court, if any; and

  q. Perform such other duties as it deems necessary and appropriate based upon Interim Lead Class Counsel's judgment and consideration or as authorized by further Order of the Court.

8. The Executive Committee shall have the authority to do each of the following on behalf of the putative DPP class:

  a. Carry out pretrial litigation and trial work only as assigned by Interim Class Counsel;

      b. Communicate and coordinate regularly with Hausfeld regarding any work assigned;

      c. Maintain contemporaneous time and cost records; and

      d. Pay any necessary and proper assessments for litigation expenses that may be requested by Hausfeld for the purpose of funding the litigation.

9. No work shall be done on behalf of the putative DPP class without Hausfeld's prior approval.

10. No document shall be filed, nor any discovery be served, on behalf of putative DPP class without Hausfeld's prior approval or leave of Court.

11. All discovery, motions or other pleadings, notices, and correspondence concerning the putative DPP class shall be served on Hausfeld and any additional designees it may identify.

**IT IS SO ORDERED.**

Dated: July 9, 2024

_____
The Honorable Lewis J. Liman
United States District Judge